662 So.2d 1012 (1995)
STATE FARM FIRE AND CASUALTY COMPANY, Petitioner,
v.
Amanda VALIDO, Respondent.
No. 95-2208.
District Court of Appeal of Florida, Third District.
November 15, 1995.
*1013 Richard A. Warren; South Miami, Chou & Granado, P.A., Coral Gables, for petitioner.
Diego C. Asencio; West Palm Beach, Jose M. Francisco, P.A., Miami, for respondent.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
The respondent sued State Farm on a homeowner's policy for damages allegedly caused by hurricane Andrew and tropical storm Gordon. State Farm claimed that the home had sustained ordinary wear and tear which was not covered by the policy. In this proceeding for certiorari, we quash in its entirety an order of production upon the holdings that (a) State Farm's claim files, manuals, guidelines and documents concerning its claim handling procedures were irrelevant to the first party dispute involved in this case, see Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla. 1995); Fidelity & Cas. Ins. Co. of N.Y. v. Taylor, 525 So.2d 908, 909 (Fla. 3d DCA 1987), rev. denied, 528 So.2d 1181 (Fla. 1988), disapproved on other grounds, Kujawa v. Manhattan Nat'l Life Ins. Co., 541 So.2d 1168 (Fla. 1989), and (b) the defendant's surveillance photographs, witness statements and repair estimates were protected by the work product privilege. See Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970); Waste Management, Inc. of Florida v. Southern Bell Tel. & Tel. Co., 544 So.2d 1133 (Fla. 4th DCA 1989); Dade County School Bd. v. Soler, 534 So.2d 884 (Fla. 3d DCA 1988).
Certiorari granted.