PER CURIAM.
American Reliance Insurance Company petitions for a writ of certiorari to review a nonfinal order confirming and adopting the findings and recommendations of a special master. The special master’s report permitted discovery over American’s objections. For the following reasons, we grant certiora-ri and quash the order below.
Rosemont Condominium Homeowner’s Association sued the condominium’s insurer, American Reliance, for declaratory judgment and breach of contract. Rosemont challenged the adequacy of American Reliance’s payments under the policy for damage caused by Hurricane Andrew. Rosemont deposed James Flynt, who had been hired by American Reliance’s adjusting firm, Palacios & Associates, to assist in evaluating the claim. Rosemont’s counsel posed questions to Mr. Flynt regarding (a) conversations that occurred during Flynt’s initial investigation and (b) Flynt’s work during this initial investigation, including his analysis of a bid and notes concerning this analysis. American Reliance objected that these questions invaded privileged work product.
A special master present at the deposition subsequently issued a report and recommendation overruling American Reliance’s objections and requiring Flynt to respond to the questions on further deposition. The trial court then denied American Reliance’s exceptions to and confirmed the reports and recommendations of the special master regarding both the Flynt deposition and the deposition of Mr. Palacios, at which American Reliance had raised similar objections.
The trial court departed from the essential requirements of law in denying American Reliance’s exceptions regarding the Flynt deposition. The information sought of Flynt is primarily work product, intertwined with some matters irrelevant to this first party dispute. See State Farm Fire and Cas. Co. v. Valido, 662 So.2d 1012 (Fla. 3d DCA 1995).[1] Further, American *252 Reliance’s exceptions to the special master’s report on the Palacios deposition were not properly before the trial court — not having been noticed for hearing — and should not have been ruled upon.
Accordingly, we grant certiorari and quash the order below.

. Compare Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995) (discovery of materials *252 which are merely irrelevant does not necessarily cause the irreparable harm requisite for certiora-ri).