677 So.2d 37 (1996)
STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, Appellant,
v.
Arthur W. NICKELSON and Melvinee Nickelson, individually and as parents and natural guardians of Nikki W. Nickelson, a minor, Appellees.
No. 95-2510.
District Court of Appeal of Florida, First District.
July 3, 1996.
Rehearing Denied July 31, 1996.
Charles B. Carter of Jones, Carter & Drylie, P.A., Gainesville, for appellant.
Ted C. Curtis, Gainesville; Alan E. McMichael, Stripling, McMichael & Stripling, P.A., Gainesville, for appellees.
WOLF, Judge.
Appellant, State Farm Fire and Casualty (State Farm), seeks review of a jury verdict in a declaratory relief action. Appellees, the Nickelsons, requested a declaration of coverage under a homeowner's policy issued by State Farm to a third party in whose home their daughter, Nikki, was injured. The trial court denied State Farm's motion for summary judgment and directed verdict and submitted the issue of whether certain exclusions precluded coverage to the jury. We reverse.
Generally, interpretation of an insurance contract is a question of law to be decided by the trial court. Lee v. Montgomery, 624 So.2d 850 (Fla. 1st DCA 1993). *38 Where, as here, the facts are essentially undisputed, whether those facts fit within the policy definition is a question of law that may be decided on appellate review. Row v. United Services Automobile Association, 474 So.2d 348, 349 (Fla. 1st DCA 1985). Based on our careful reading of the policy and the facts of this case, we find, as a matter of law, that coverage for the injury to Nikki Nickelson was precluded under the child care exclusion.
We conclude that the trial court erred in submitting this issue to the jury. Accordingly the case is remanded with directions for the trial judge to enter judgment in favor of State Farm.
BENTON and VAN NORTWICK, JJ., concur.