PER CURIAM.
Petitioners seek review of an order denying their motion for protective order which sought to prevent production of certain documents. For the following reasons, we grant the petition and quash the order under review.
In the underlying cause of action, respondent, Carol Polverari, sued petitioners, whom she had retained to represent her in pursuing a claim for personal injuries, for professional negligence based on allowing the statute of limitations to run on her workers’ compensation claim and for intentional infliction of emotional distress based on their conduct toward her. Polverari requested production of every “authority to represent” agreement between every client and petitioners executed from 1989 through 1994. The trial court ordered petitioners to produce all of the documents requested, but allowed them to redact the clients’ names.
A protective order should be granted when the pleadings indicate that the documents requested are not related to any pending claim or defense and are not reasonably calculated to lead to the discovery of admissible evidence. Walter v. Page, 638 So.2d 1030, 1031 (Fla. 2d DCA 1994); see Krypton Broadcasting of Jacksonville, Inc. v. MGM-Pathe Communications Co., 629 So.2d 852, 854 (Fla. 1st DCA 1994) (noting that it is axiomatic that information sought in discovery must relate to the issues involved in the litigation, as framed in all pleadings). The representation agreements between petitioners and their other clients are not related to any pending claim or defense, nor was the information shown to be reasonably calculated to lead to the discovery of admissible evidence.
Accordingly, we grant the petition for cer-tiorari, quash the order under review, and remand this cause for further proceedings consistent herewith.
PATTERSON, A.C.J., and QUINCE and WHATLEY, JJ., concur.