PER CURIAM.
Federal Insurance Company seeks a writ of certiorari quashing the trial court’s order compelling production of its claims adjustor’s note pad entries. We grant certiorari and quash the order to the extent that it orders production of the adjustor’s notes. That portion of the order constitutes a departure from the essential requirements of law: the adjustor’s notes are protected by the work-product privilege. See American Reliance Ins. Co. v. Rosemont Condominium Homeowners Ass’n, Inc., 671 So.2d 250 (Fla. 3d DCA 1996); State Farm Fire & Cas. Co. v. Valido, 662 So.2d 1012 (Fla. 3d DCA 1995). Contrary to Hail’s assertion, a review of the hearing transcript on the motion to compel fails to disclose that the privilege was waived by production of the requested documents. The record demonstrates that (1) the documents sought to be protected had not been produced; and (2) at the hearing, Federal’s counsel merely referred to “producible” portions of the claim file and to documents previously produced which, as stated in its written response to the request for production, Federal did not object to on work-product grounds and were duplicative of previous discovery. See Truly Nolen Exterminating, Inc. v. Thomasson, 554 So.2d 5, 5-6 (Fla. 3d DCA 1989) (failure to assert work-product privilege at earliest opportunity does not constitute waiver “so long as the privilege is asserted by a pleading, to the trial court, before there has been an actual disclosure of the information, alleged to be protected”), review dismissed, 558 So.2d 20 (Fla.1990).
Certiorari granted.