754 So.2d 865 (2000)
LIBERTY MUTUAL INSURANCE COMPANY, Petitioner,
v.
The FARM, INC., Respondent.
Nos. 3D99-1884, 3D99-2807.
District Court of Appeal of Florida, Third District.
April 12, 2000.
*866 Butler Burnette Pappas and Anthony J. Russo, Tampa, and Mark A. Greenberg, Fort Myers, for petitioner.
Josephs, Jack & Gaebe, P.A., and Elisabeth M. Allen, Miami, for respondent.
Before COPE, SHEVIN and SORONDO, JJ.
COPE, J.
The question in the present case is whether the insured's claim of insurer bad faith was premature, because it was asserted before the first-party coverage dispute had been finally resolved. Based on the Florida Supreme Court's recent opinion in Vest v. Travelers Insurance Co., 753 So.2d 1270 (Fla. 2000) (corrected opinion), the answer is yes. We quash the orders under review.
Plaintiff-respondent The Farm, Inc. operated a wholesale nursery business which was severely damaged by Hurricane Andrew. The property was insured by defendant-petitioner Liberty Mutual Insurance Co. There was a dispute between the parties about the amount of coverage on the buildings owned by the insured, and the insurer declined to pay the full amount claimed by the insured. The insured brought suit against the insurer for breach of the insurance contract.
During the pendency of the insured's first-party action, the insured propounded discovery regarding the insurer's business practices. The insurer objected because no claim for insurer bad faith had been pled. The trial court overruled the insurer's objection and directed the insurer to provide the requested discovery. The insurer petitioned for certiorari.
Subsequently, the trial court entered a partial summary judgment finding in favor of the insured on the amount of coverage available under the insurance policy. Damages were to be determined at a subsequent time.
The insured moved to amend its complaint to include a claim against the insurer for statutory bad faith. See § 624.155, Fla. Stat. (1991). The insurer objected that the first party coverage case had not yet concluded. The trial court allowed leave to proceed with the bad faith claim. The insurer petitioned for certiorari and the two proceedings have been consolidated.
There has been some confusion in the law on when a claim for insurer bad faith can be asserted. Although the trial court did not have the benefit of it, the Florida Supreme Court has recently clarified that "bringing a cause of action in court for violation of section 624.155(1)(b)1 [statutory bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract." Vest v. Travelers Insurance Co., 753 So.2d 1270, 1276 (Fla. 2000) (corrected opinion) (emphasis added). Since damages have yet to be determined in the first-party action, the insured's claim for statutory bad faith was not ripe and must be dismissed without prejudice as being premature. See id.
We also quash the order requiring the insurer to respond to discovery directed to *867 the issue of insurer bad faith. Such discovery is premature until such time as the claim for statutory bad faith has accrued and been filed.
Certiorari granted.