835 So.2d 389 (2003)
STATE FARM FLORIDA INSURANCE COMPANY, Petitioner,
v.
Isaac GALLMON, Respondent.
No. 2D02-3439.
District Court of Appeal of Florida, Second District.
January 29, 2003.
*390 Elizabeth K. Russo, Jude Gillespie, and Charmain Williams of Russo Appellate Firm, P.A., Miami, for Petitioner.
William F. Merlin, Jr. and Kelly L. Kubiak of Gunn Merlin, P.A., Tampa, for Respondent.
CASANUEVA, Judge.
State Farm Florida Insurance Co. petitions for a writ of certiorari to quash an interlocutory order requiring it to disclose certain internal operating materials and various other items. We have jurisdiction pursuant to Florida Rule of Appellate Procedure Rule 9.030(b)(2)(A) and grant the petition.
Isaac Gallmon has a homeowner's insurance policy issued by State Farm. Mr. Gallmon's residence began to show signs of damage that he thought might be attributable to a sinkhole. State Farm's experts investigated and determined that the damage was probably due to a sinkhole and to the loose, sandy soil condition under Mr. Gallmon's home. Pursuant to the policy, State Farm offered to pay for repairs for the damage attributable to the sinkhole and for a process known as "grouting," which retards sinkhole activity. Mr. Gallmon was unhappy with that offer and claimed that because the repair would not guarantee against further damage, State Farm should offer the full policy limits. When State Farm refused to pay for anything more than its original damage offer and the grouting procedure, Mr. Gallmon instituted this first-party breach of contract action against State Farm.
During discovery, the circuit court issued a wide-ranging order to State Farm to produce its claim files, investigative reports, adjuster notes, underwriting files, company policies and manuals, training materials, certain personnel files, sales brochures and marketing materials, computer manuals for operating internal software and programs, details of rewards and bonus programs for employees, employee incentive and compensation programs, third-party programs and correspondence about sinkhole claims, its casualty claims manual and estimating manual, and minutes of meetings at which sinkhole claims were discussed. We quash the order in its entirety.
These materials are either irrelevant to the first-party dispute that this case presents or are privileged work product. See State Farm Fire & Casualty Co. v. Valido, 662 So.2d 1012 (Fla. 3d DCA 1995), and cases cited therein.
Certiorari granted.
FULMER and KELLY, JJ., Concur.