844 So.2d 818 (2003)
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, etc., Petitioner,
v.
HOMEAMERICAN CREDIT, INC., etc., Respondent.
No. 5D02-3474.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
Howard S. Marks, Samuel M. Nelson and Douglas G. Gartenlaub of Graham, Builder, Jones, Pratt & Marks, LLP, Winter Park, for Petitioner.
Thomas H. Justice, III of Killgore, Pearlman, Stamp, Ornstein & Squires, P.A., Orlando, for Respondent.
SAWAYA, J.
Old Republic National Title Insurance Company (Republic) seeks certiorari review of the trial court's order requiring Republic to produce certain documents to HomeAmerican Credit, Inc., d/b/a Upland Mortgage (HomeAmerican). We grant the petition for writ of certiorari and quash, in part, the trial court's order.
Republic, a corporation licensed and authorized to issue title insurance in Florida, *819 issued a title insurance policy insuring HomeAmerican's interest as mortgagee in a certain parcel of real property situated in Orange County, Florida. After the mortgagors defaulted on the mortgage loan and HomeAmerican acquired the property via a deed in lieu of foreclosure, HomeAmerican attempted to sell the property. A title search uncovered a recorded encumbrance that Republic had previously failed to discover. HomeAmerican asserted that the encumbrance was a defect in title that rendered title to the property unmarketable and demanded that Republic pay damages under the policy. Home-American's complaint alleges that Republic refused to pay damages under the policy and that the failure to pay was done in bad faith. HomeAmerican reserved the right to plead for punitive damages upon a proper showing of statutory bad faith by Republic. In the answer to the complaint, Republic denies that HomeAmerican is entitled to coverage under the policy.
HomeAmerican sought production of documents from Republic including, inter alia, documents relating to Republic's business policies and practices regarding its handling of claims and documents which "relate to any title claim litigation filed against OLD REPUBLIC from January 1, 1999 to the present date, in the state of Florida." Republic objected on the grounds that the discovery request was overbroad, vague, burdensome, and not reasonably calculated to lead to discoverable or admissible evidence. The trial court granted, in part, HomeAmerican's motion to compel discovery ordering Republic to produce the policy and business practice documents and the title claim litigation documents.
When reviewing the propriety of a discovery order by certiorari, "the applicable standard of review is whether the challenged order is a departure from the essential requirements of the law, which causes material injury throughout the law suit [sic], leaving the petitioner with no other adequate remedy to review the alleged erroneous order." Beverly Enterprises-Florida, Inc. v. Ives, 832 So.2d 161, 162 (Fla. 5th DCA 2002) (citing Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla. 1995); Combs v. State, 436 So.2d 93 (Fla. 1983)).
Under the facts and circumstances of this particular case, we find the discovery order departs from the essential requirements of the law. A cause of action for statutory bad faith pursuant to section 624.155(1)(b)1., Florida Statutes (2000), is premature unless there has been a determination of liability and extent of damages owed the insured under the first-party insurance policy. See Vest v. Travelers Ins. Co., 753 So.2d 1270, 1276 (Fla.2000). Hence, a party is not entitled to discovery of an insurer's claim file or documents relating to the insurer's business policies or practices regarding the handling of claims in an action for insurance benefits combined with a bad faith action until the insurer's obligation to provide coverage has been established. See Liberty Mut. Ins. Co. v. Farm, Inc., 754 So.2d 865 (Fla. 3d DCA 2000) (holding that a discovery order in a bad faith action requiring disclosure of the insurer's business practices was premature without a determination of the coverage issue); American Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347 (Fla. 5th DCA 1998) (holding that in a bad faith action, when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims file and the insurer's claims handling manuals and materials); State Farm Fire & Cas. Co. v. Martin, 673 So.2d 518 (Fla. 5th DCA 1996); see also Blanchard v. State *820 Farm Mut. Auto. Ins. Co., 575 So.2d 1289 (Fla.1991).
Therefore, because Republic's obligation to provide coverage has yet to be determined, the trial court departed from the essential requirements of the law in ordering production of Republic's title claim litigation files and the documents relating to its business policies and practices regarding the handling of claims, leaving Republic with no adequate remedy to review the erroneous order. Accordingly, we grant the petition and quash the portion of the order compelling production of documents contained in Republic's litigation files and the documents relating to its business policies and practices.
PETITION GRANTED; ORDER QUASHED in part.
THOMPSON, C.J., and PETERSON J., concur.