921 So.2d 717 (2006)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Joan SWAIN, Respondent.
No. 3D05-2750.
District Court of Appeal of Florida, Third District.
February 15, 2006.
*718 Rumberger, Kirk & Caldwell and David B. Shelton, Orlando, for petitioner.
Pertnoy, Solowsky & Allen, Miami, and Richard L. Allen, for respondent.
Before FLETCHER, WELLS, and SHEPHERD, JJ.
FLETCHER, Judge.
Allstate Insurance Company petitions this Court for a writ of certiorari to quash two orders from the circuit court which compel it to produce certain documents and information to its insured, Joan Swain. Because we find the requested discovery not relevant to the litigation and no need for them was shown, we grant the petition.
Swain is employed by Allstate as an insurance agent. In 1996, she and others filed an ERISA action against Allstate in federal court alleging mismanagement of their pension fund. The federal court ruled against the employees finding that the action had been litigated in bad faith. This resulted in the entry of an order awarding Allstate $300,167.50 in attorney's fees and $2,782.05 in costs.
In addition to being her employer, Allstate is also Swain's insurer under a personal umbrella policy which affords liability coverage in the amount of $2,000,000 (in excess of the limits of her homeowners and condominium policies). Swain requested coverage under this policy for the judgment for fees and costs. In response, Allstate filed the instant declaratory action asking the court to determine whether the fee/cost judgment constitutes damages based on personal injury under the terms of the insurance contract. Swain subsequently served Allstate with interrogatories and requests for production to which Allstate objected. The trial court sustained some of the objections but overruled others. Specifically, Allstate was ordered to provide information and documents regarding the drafting, marketing, and interpretation of its umbrella policies; the training of its agents and employees as to said policies; and any claims made *719 under the policies on which fees and/or costs were paid.
The construction of an insurance policy is a question of law to be determined by the court. E.g., Jones v. Utica Mut. Ins. Co., 463 So.2d 1153, 1157 (Fla. 1985); State Farm Fire & Cas. Co. v. Castillo, 829 So.2d 242, 244 (Fla. 3d DCA 2002). If, after construing the policy, the court finds that more than one interpretation is possible, it must resolve the ambiguity against the insurer who drafted the language of the insurance contract. See Travelers Ins. Co. v. Smith, 328 So.2d 870, (Fla. 3d DCA 1976) (and cases cited therein). The documents and information requested from Allstate are completely unnecessary to the determination of the coverage issue presented in this case. Allstate, therefore, should not be required to comply with the discovery requests. See Scottsdale Ins. Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc., 813 So.2d 250, 252 (Fla. 3d DCA 2002) ("The discovery sought is of dubious relevance and no showing has been made for its need in a declaratory action which presents legal issues and will likely be decided on the court's interpretation of the insurance contract....").
Accordingly, we grant the petition and quash the orders compelling Allstate to answer the subject interrogatories and requests for production propounded by Swain.
Petition granted; Orders Quashed.