960 So.2d 794 (2007)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Petitioner,
v.
Edelmida RODRIGUEZ, Paulino Rodriguez, and Oswaldo St. Blanchard, a/k/a Oswaldo Blanchard, Respondents.
No. 3D07-669.
District Court of Appeal of Florida, Third District.
June 20, 2007.
Shutts & Bowen and Frank A. Zacherl and Kai E. Jacobs, Miami, and Edward J. O'Sheehan, Fort Lauderdale, for petitioner.
Deutsch & Blumberg and James C. Blecke, Miami, for respondents.
Before COPE, C.J., and SUAREZ, J., and SCHWARTZ, Senior Judge.
COPE, C.J.
In this automobile negligence case, the trial court ordered Government Employees *795 Insurance Company (GEICO) to produce documents relating to its claims handling practices, even though the underlying coverage case has not been resolved and no bad faith case is pending. The petition for writ of certiorari is well taken, and we quash the trial court's order.
Edelmida and Paulino Rodriguez sued Oswaldo St. Blanchard, alleging that Blanchard was driving an automobile that struck the Rodriguezes while they were crossing a street. Blanchard denied liability and asserted several affirmative defenses, including the defense of accord and satisfaction. Blanchard contended that the parties had reached a pre-suit settlement through negotiations between the GEICO claims examiner and the Rodriguezes' previous counsel.
Among the Rodriguezes' discovery requests was a request for documents setting forth GEICO's general claims handling practices and procedures.[1] The Rodriguezes maintain that GEICO had opened the door to such discovery by asserting the defense of settlement. The Rodriguezes argue that they were entitled to inquire whether the claims examiner had followed GEICO's own procedures in handling this particular claim. According to the Rodriguezes' trial court response, they were entitled to learn whether, among other things, GEICO trained its examiners regarding "good faith claims handling. . . ."
The trial court denied GEICO's motion for protective order. This certiorari proceeding followed.
We conclude that certiorari is an available and appropriate remedy in this circumstance. As the Fifth District Court of Appeal has explained:
When reviewing the propriety of a discovery order by certiorari, "the applicable standard of review is whether the challenged order is a departure from the essential requirements of the law, which causes material injury throughout the law suit [sic], leaving the petitioner with no other adequate remedy to review the alleged erroneous order." Beverly Enterprises-Florida, Inc. v. Ives, 832 So.2d 161, 162 (Fla. 5th DCA 2002) (citing Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Combs v. State, 436 So.2d 93 (Fla.1983)).
Under the facts and circumstances of this particular case, we find the discovery order departs from the essential requirements of the law. A cause of action for statutory bad faith pursuant to section 624.155(1)(b)1., Florida Statutes (2000), is premature unless there has been a determination of liability and extent of damages owed the insured under the first-party insurance policy. See Vest v. Travelers Ins. Co., 753 So.2d 1270, 1276 (Fla.2000). Hence, a party is not entitled to discovery of an insurer's claim file or documents relating to the insurer's business policies or practices regarding the handling of claims in an *796 action for insurance benefits combined with a bad faith action until the insurer's obligation to provide coverage has been established. See Liberty Mut. Ins. Co. v. Farm, Inc., 754 So.2d 865 (Fla. 3d DCA 2000) (holding that a discovery order in a bad faith action requiring disclosure of the insurer's business practices was premature without a determination of the coverage issue); American Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347 (Fla. 5th DCA 1998) (holding that in a bad faith action, when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims file and the insurer's claims handling manuals and materials); State Farm Fire & Cas. Co. v. Martin, 673 So.2d 518 (Fla. 5th DCA 1996); see also Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289 (Fla. 1991).
Therefore, because Republic's obligation to provide coverage has yet to be determined, the trial court departed from the essential requirements of the law in ordering production of Republic's title claim litigation files and the documents relating to its business policies and practices regarding the handling of claims, leaving Republic with no adequate remedy to review the erroneous order. Accordingly, we grant the petition and quash the portion of the order compelling production of documents contained in Republic's litigation files and the documents relating to its business policies and practices.
Old Republic Nat. Title Ins. Co. v. HomeAmerican Credit, Inc., 844 So.2d 818, 819-20 (Fla. 5th DCA 2003).
The argument that GEICO somehow opened the door to inquiry regarding its claims handling procedures by interposing the defense of settlement is without merit. Either the case was settled, or it was not. The content of GEICO's internal claims handling procedures is immaterial.
For the stated reasons, the trial court's order is quashed.
Certiorari granted.
NOTES
[1] The disputed discovery request states:

2. All Geico policies and procedures and manuals and print-out of computer program guides concerning pre-litigation settlements with Claimants and/or Claimants' attorneys, how to handle settlement when a pedestrian is involved, the various types of Releases and Hold Harmless Agreement to utilize and when to utilize them, documenting the file, computer programs that are used, how to exercise good faith claims handling in obtaining presuit settlements, communications and correspondence to Geico insured as to their potential role, rights and responsibilities as to presuit settlements, the entitlement to pedestrian of PIP coverage from a Geico insured driver, the use of Hold Harmless Indemnification Agreement executed by Claimant's lawyer.