SCHWARTZ, Senior Judge.
 

 Triangle Fire, Inc. and an injured plaintiff joined in seeking insurance coverage under a liability policy issued by Granada Insurance Company for an accident allegedly caused by Triangle’s negligence. The company denied coverage.
 

 While that issue remained unresolved, Granada sought protection from a notice of deposition directed by the plaintiff to the president of the company. Notwithstanding that he had no personal knowledge of the facts or handling of the case, the plaintiffs attorney argued that discovery was permitted to determine whether
 

 ... if there is a corporate policy in place that says to reject certain claims based on certain criteria and accept other claims based on other certain criteria, that’s something that’s going to flow
 
 *277
 
 from the top down. That’s going to be the president, the board, who are going to make those decisions ...
 

 If there is a blanket policy out there from the company saying to deny all claims, I’m just throwing out a for instance, to deny all claims based on this, and you know, revisit them later, we’re entitled to know about that.
 

 Adopting this argument, the trial judge permitted the deposition to go forward regarding the “policies and procedures concerning claims handling by Granada.”
 

 We quash the order. Our decision is based upon the universally applied rule that discovery which concerns only potential issues of bad faith or other purported improprieties in defending the claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage.
 
 See Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla. 1995) (recognizing that “discovery request [for] — internal procedural memos, claims manuals, and standards for proper investigation of claims — do, as the district court noted, appear irrelevant”);
 
 Imhof v. Nationwide Mut. Ins. Co.,
 
 643 So.2d 617, 619 (Fla.1994);
 
 Blanchard v. State Farm Mut. Auto. Ins. Co.,
 
 575 So.2d 1289, 1291 (Fla. 1991);
 
 GEICO v. Rodriguez,
 
 960 So.2d 794, 796 (Fla. 3d DCA 2007) (quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action);
 
 State Farm Fla. Ins. Co. v. Gallmon,
 
 835 So.2d 389, 390 (Fla. 2d DCA 2003) (quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute);
 
 Liberty Mut. Ins. Co. v. Farm, Inc.,
 
 754 So.2d 865, 866 (Fla. 3d DCA 2000) (holding that a discovery order requiring disclosure of the insurer’s business practices was premature without a determination of the coverage issue);
 
 Am. Bankers Ins. Co. of Fla. v. Wheeler,
 
 711 So.2d 1347, 1348 (Fla. 5th DCA 1998) (holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer’s claims handling manuals and materials).
 
 [1]
 

 Certiorari granted.
 

 [1]
 

 . Although the point was understandably not pressed in the trial court, it is suggested on appeal that the president could properly be deposed concerning his own interpretation of the policy. Because, however, the meaning of an insurance contract is a question of law, and thus not subject to opinion testimony, this contention is wholly without merit.
 
 See Garcia v. Fed. Ins. Co.,
 
 969 So.2d 288, 291 (Fla. 2007);
 
 Taurus Holdings, Inc.
 
 v.
 
 U.S. Fid. & Guar. Co.,
 
 913 So.2d 528, 532 (Fla.2005);
 
 Koikos v. Travelers Ins. Co.,
 
 849 So.2d 263, 266 (Fla.2003);
 
 Jones v. Utica Mut. Ins. Co.,
 
 463 So.2d 1153, 1157 (Fla. 1985);
 
 Smith v. State Farm Mut. Auto. Ins. Co.,
 
 231 So.2d 193, 194 (Fla. 1970);
 
 State Farm Fire & Cas. v. Nickelson,
 
 677 So.2d 37 (Fla. 1st DCA 1996);
 
 Ellenwood v. S. United Life Ins. Co.,
 
 373 So.2d 392, 394 (Fla. 1st DCA 1979).