SALTER, J.
 

 Citizens Property Insurance Company petitions for a writ of certiorari regarding an insurance case brought by homeowners in the circuit court.
 
 [1]
 
 Concluding that the two questions of law presented by this case are unsettled and are pending before the Supreme Court of Florida, we deny the petitions.
 

 The first question presented is whether an insured may prosecute a common law claim for breach of the covenant of good faith and fair dealing by an insurer based on the alleged failure of the insurer to investigate and assess the insured’s claim within a reasonable time. Such a claim is alleged by the homeowners to be an independent basis for recovery, one distinguishable from a statutory bad faith claim under section 624.155(l)(b), Florida Statutes (2008). Citizens maintains that the “breach of the covenant of good faith and fair dealing” claim is merely a “disguised” statutory bad faith claim and that no such common law claim is recognized in Florida.
 

 The second question is whether any such common law claim for “breach of the covenant of good faith and fair dealing” — if it is determined to be a viable and separate cause of action — is subject to the conditions precedent applied to a statutory bad faith claim. Under Florida law, a statutory bad faith claim is not ripe and may not be prosecuted until coverage and the extent of damages have been determined.
 

 The complaint brought by the respondent homeowners against Citizens included a count for breach of the insurance contract and a count for breach of the covenant of good faith and fair dealing. Citizens moved to dismiss the latter claim, and in each case the trial court denied the motion to dismiss. Citizens’ petition followed.
 

 We have often granted certiorari when a trial court has declined to dismiss or abate a premature statutory bad faith claim.
 
 See, e.g., XL Specialty Ins. Co. v. Skystream, Inc.,
 
 988 So.2d 96 (Fla. 3d DCA 2008), and the cases cited in that opinion.
 
 *1075
 
 In this instance, however, we are addressing the denial of a motion to dismiss a claim based on a different legal theory— breach of the covenant of good faith and fair dealing. Federal courts in Florida have already reached different conclusions of law regarding such claims. In
 
 Arlen House East Condominium Ass’n v. QBE Insurance (Europe) Ltd.,
 
 No. 07-23199, 2008 WL 4500690, at *2 (S.D.Fla. Sept. 30, 2008), the court concluded that “a cause of action for breach of the implied warranty of good faith and fair dealing is separate and distinct from bad faith claims,” relying on the similar analyses of
 
 Townhouses of Highland Beach Condominium Ass’n v. QBE Ins. Corp.,
 
 504 F.Supp.2d 1307 (S.D.Fla.2007), and
 
 Chalfonte Condominium Apartment Ass’n v. QBE Ins. Corp.,
 
 No. 06-81046, 2007 WL 2225972, at *3 (S.D.Fla. Aug. 1, 2007).
 

 In another federal case involving the same question of Florida law, however, the court concluded that the “implied warranty
 
 [2]
 
 of good faith and fair dealing” claim “is actually a claim for statutory bad faith, controlled by section 624.155 of the Florida Statutes, which cannot proceed until the underlying coverage dispute has been resolved.”
 
 Quadomain Condo. Ass’n v. QBE Ins. Corp.,
 
 No. 07-60003, 2007 WL 1424596, at *6 (S.D.Fla. May 14, 2007).
 

 After the petition and response in this case was before us, Citizens notified us that the United States Court of Appeals for the Eleventh Circuit has certified these questions to the Supreme Court of Florida pursuant to Florida Rule of Appellate Procedure 9.150(a).
 
 See Chalfonte Condo. Apartment Ass’n v. QBE Ins. Corp.,
 
 561 F.3d 1267, 1274-75 (11th Cir.2009). The Supreme Court has docketed the certified questions as
 
 QBE Insurance Corp. v. Chalfonte Condominium Apartment Ass’n,
 
 Case No. SC09-441.
 

 In order to obtain a writ of certiorari, Citizens must demonstrate that, among other things, the trial court departed from the essential requirements of the law.
 
 See Gov’t Employees Ins. Co. v. Rodriguez,
 
 960 So.2d 794 (Fla. 3d DCA 2007). In this case, the “essential requirements of the law” are in vigorous flux, -with divergent conclusions reached by diligent and experienced federal judges after extensive briefing and analysis of Florida law. Indeed, the U.S. circuit court of appeals for this circuit has engaged in the judicial equivalent of “your guess is as good as mine” in certifying the questions to our Supreme Court. Against that backdrop, we cannot conclude that the trial court’s denial of the motion to dismiss was a departure from a settled legal principle.
 

 We therefore deny Citizens’ petition, but we do so without prejudice to the right of Citizens to pursue these legal theories to the extent appropriate following the Florida Supreme Court’s determination of the certified questions. We will also reconsider the issue in a new and updated petition by Citizens in the unlikely event that the Supreme Court of Florida declines jurisdiction or does not answer the certified questions of
 
 Chalfonte,
 
 561 F.3d at 1274-75.
 

 Petition denied.
 

 [1]
 

 . This case,
 
 Citizens Property Insurance Co. v. Bertot,
 
 Case No. 3D08-2467, was consolidated with a certiorari case presenting the same issues,
 
 Citizens Property Insurance Co. v. Rodriguez,
 
 Case No. 3D08-2952. Thereafter, the
 
 Rodriguez
 
 case settled. The
 
 Bertot
 
 case remained open under the higher case number, 3D08-2952.
 

 [2]
 

 . These claims are referred to by the various litigants and courts in Florida as breaches of the "covenant of good faith and fair dealing” or the "implied warranty of good faith and fair dealing”; we perceive no substantive difference between the labels.