PER CURIAM.
Phoenix Insurance Company petitions for a writ of certiorari to quash a trial court order requiring blanket production of documents. We grant the petition, finding that the ordered production violates the essential requirements of law for which there is no adequate remedy on appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
Here, as in Government Employees Ins. Co. v. Rodriguez, 960 So.2d 794 (Fla. 3d DCA 2007), we find that Trans World is not entitled at this juncture to many of the numerous categories of documents it seeks. Discovery directed to an insurer’s business practices and alleged statutory bad faith is premature “unless there has been a determination of liability and extent of damages owed the insured under the first-party insurance policy.” Id. at 795 (citation omitted). No determi *431 nation regarding coverage and damages has been made in this case. Hence, any document requests directed to matters outside Trans World’s claim, the circumstances of alleged loss, and the policies at issue, are premature.
Phoenix should not have been ordered to produce privileged and work product documents included within requests 28, 30, and 34. Phoenix must, however, prepare and serve a privilege log to preserve any such claims.
The petition is granted and the order under review is quashed. On remand, the trial court shall consider the items sought to be discovered and shall enter an order permitting, and prohibiting discovery in accordance with this opinion.
Certiorari granted, order quashed; remanded with instructions.