PER CURIAM.
 

 Geico General Insurance Company petitions for a writ of certiorari quashing a non-final order of the circuit court. The order, though providing for abatement of a bad faith claim
 
 [1]
 
 against Geico in connec
 
 *1213
 
 tion with an automobile collision and injury claim, specified that “proper and non-privileged discovery may proceed” regarding the bad faith claim.
 

 Because such discovery is premature in the current procedural posture of the circuit court case — coverage issues have not yet been determined — the order must be quashed. Discovery relating to the statutory bad faith claim may not be commenced until such time, if ever, as the insured’s coverage and extent of loss have been determined.
 
 XL Specialty Ins. Co. v. Skystream, Inc.,
 
 988 So.2d 96, 98 (Fla. 3d DCA 2008);
 
 Gov’t Employees Ins. Co. v. Rodriguez,
 
 960- So.2d 794 (Fla. 3d DCA 2007). Discovery relating to a generalized “common law” bad faith claim must also be quashed because of the pendency of the statutory claim and the similarity of the discovery applicable to that claim.
 

 Writ granted; order quashed.
 

 [1]
 

 . Count I of the complaint purports to plead breaches of both statutory and “common law” duties of good faith in a single claim. The case law is clear that discovery on the statutory claim is premature. In the case of a claim pled exclusively as a “breach of the covenant of good faith,” we have declined to apply that rule pending our Supreme Court's decision on the point in the case of
 
 QBE Insurance Corp.
 
 v.
 
 Chalfonte Condominium Apartment Ass’n,
 
 Case No. SC09-441 (Fla. filed Mar. 11, 2009).
 
 See Citizens Prop. Ins.
 
 
 *1213
 

 Co. v. Bertot,
 
 14 So.3d 1073 (Fla. 3d DCA 2009).