LAGOA, J.
General Star Indemnity Company (“General Star”) seeks certiorari review of an order overruling its objections to discovery of materials concerning its business practices and policies. We grant the petition and quash the order.
General Star issued a commercial property insurance policy to Atlantic Hospitality of Florida, LLC (“Atlantic”). Hurricane Charlie damaged Atlantic’s property, and Atlantic submitted a claim to General Star. General Star paid Atlantic $1.4 million on its claim. Atlantic subsequently filed an action against General Star for additional funds, asserting claims for breach of contract, declaratory judgment, and breach of the implied covenant of good faith and fair dealing. General Star answered and raised several affirmative defenses to Atlantic’s complaint.[1]
General Star’s petition arises from a supplemental request for production propounded by Atlantic. That request sought, among other documents, the production of “[a]ll training manuals, company policy memoranda, and guidelines relating to the underwriting and administration of the subject insurance policies and/or estimating, adjusting and payment of claims under the subject insurance policies.”[2] Following a hearing, the trial court entered an order overruling General Star’s objections to this discovery.
In its petition for a writ of certiorari, General Star contends that the trial court’s order must be quashed because it allows disclosure of “classic bad faith materials,” which are not subject to discovery until there has been a resolution of the underlying coverage claim.
General Star’s contention is well taken. “Discovery directed to an insurer’s business [policies or] practices ... is premature ‘unless there has been a determination of liability and extent of damages owed the insured under the first-party insurance policy.’ ” Phoenix Ins. Co. v. Trans World Forwarding, Inc., 19 So.3d 430, 430 (Fla. 3d DCA 2009) (quoting Gov’t Emps. Ins. Co. v. Rodriguez, 960 So.2d 794, 795 (Fla. 3d DCA 2007)); accord Granada Ins. Co. v. Ricks, 12 So.3d 276, 277 (Fla. 3d DCA 2009) and cases cited therein; State Farm Mut. Auto. Ins. Co. v. Tranchese, 49 So.3d 809, 810 (Fla. 4th DCA 2010). Certiorari is appropriate to quash a discovery relating to an insurer’s business practices and policies prior to *503 such determination. See Phoenix Ins., 19 So.3d at 430; Rodriguez, 960 So.2d at 795-96; Liberty Mut. Ins. Co. v. Farm, Inc., 754 So.2d 865, 866-67 (Fla. 3d DCA 2000); Old Republic Nat’l Title Ins. Co. v. HomeAmerican Credit, Inc., 844 So.2d 818 (Fla. 5th DCA 2003); see also State Farm Fla. Ins. Co. v. Seville Place Condo. Ass’n, 74 So.3d 105, 109 (Fla. 3d DCA 2011) (en banc) (reaffirming holding that premature bad faith discovery may cause irreparable harm).
Because the discovery order under review compels the production of materials concerning the insurer’s business policies and practices before there has been a determination of coverage and the extent of loss, we grant the petition and quash the order. This holding is in accordance with our decision in Geico General Insurance Co. v. Rodriguez, 23 So.3d 1212 (Fla. 3d DCA 2009). In Rodriguez, the insured’s bad faith claim purported to plead both statutory and common law duties of good faith. Although the trial court abated the bad faith claim, it nonetheless permitted discovery related to that claim to proceed. This Court granted certiorari and quashed the discovery order. As to the statutory aspect of the insured’s bad faith claim, we applied the familiar rule that such discovery “may not be commenced until such time, if ever, as the insured’s coverage and extent of loss have been determined.” Id. at 1213. Although we declined to automatically apply this rule to the “common law” aspect of the insured’s bad faith claim (as QBE Insurance Co. v. Chalfonte Condominium Apartment Ass’n, 94 So.3d 541, 2012 WL 1947863 (Fla.2012), was pending before the Florida Supreme Court), we also quashed the discovery order regarding the common law claim because of its similarity to the impermissible discovery related to the statutory aspect of the claim. Rodriguez, 23 So.3d at 1213.
Here, Atlantic’s bad faith claim asserts only a common law cause of action for breach of the implied covenant of good faith and fair dealing. Rodriguez, however, is applicable here and requires quashing of the discovery order, as the Florida Supreme Court in Chalfonte recently confirmed that “first-party claims [for breach of the implied warranty of good faith and fair dealing] are actually statutory bad-faith claims that must be brought under section 624.155 of the Florida Statutes.” Id. at 549. Moreover, as a result of Chalfonte, Atlantic’s common law claim cannot survive before the trial court, furnishing a separate ground for quashing the discovery order as the requested materials now are irrelevant to Atlantic’s remaining claims below. See, e.g., Gov’t Emps. Ins. Co., 960 So.2d at 795; Allstate Ins. Co. v. Swain, 921 So.2d 717 (Fla. 3d DCA 2006); State Farm Fire & Cas. Co. v. Valido, 662 So.2d 1012, 1013 (Fla. 3d DCA 1995); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389 (Fla. 2d DCA 2003).
Accordingly, we grant the petition, holding that the trial court’s order is a departure from the essential requirements of law causing irreparable harm for which there is no remedy on appeal.
Petition granted and order quashed.

. Atlantic's coverage claim remains pending below.

. General Star provided Atlantic with the claims file when the case was in federal court.