# Third District Court of Appeal

## State of Florida

Opinion filed November 25, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1191
Lower Tribunal No. 20-7326
_____

## State Farm Florida Insurance Company,
Petitioner,

vs.

## David Hill and Betty Hill,
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Methe & Rothell, P.A., and Kristi Bergemann Rothell (West Palm Beach), for petitioner.

Crabtree & Auslander, LLC, and Charles M. Auslander, John G. Crabtree and Brian C. Tackenberg; Knecht Law Group, and Michael C. Knecht (Jupiter), for respondents.

Before SCALES, HENDON and LOBREE, JJ.

SCALES, J.

State Farm Florida Insurance Company ("State Farm") petitions this Court for a writ of certiorari to quash the trial court's July 23, 2020 order denying State Farm's motion for a protective order. Because the challenged order permits discovery of documents that are not subject to disclosure, we grant the petition and quash the July 23, 2020 order.

On March 27, 2020, respondents David and Betty Hill filed a one-count, first-party declaratory action against State Farm seeking a declaration that the Hills' State Farm homeowner's insurance policy provided coverage for water damage incurred when a toilet in their home's guest bathroom backed up and overflowed. As a general allegation, the complaint alleged that State Farm had "wholly denied coverage under § 627.70131(5)(a), Florida Statute[s]."[1,2]

---

[1] The statute provides, in relevant part:

> Within 90 days after an insurer receives notice of an initial . . . property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment. . . . Failure to comply with this subsection constitutes a violation of this code. However, failure to comply with this subsection does not form the sole basis for a private cause of action.

§ 627.70131(5)(a), Fla. Stat. (2019).

[2] On June 24, 2020, State Farm filed an omnibus motion below seeking, in part, to compel an appraisal. Claiming that State Farm had both admitted coverage and tendered the Hills a $9,001.77 check, State Farm argued that appraisal was appropriate because the parties disagreed over the scope and the amount of the covered loss. This motion to compel appraisal remains pending.

On June 28, 2020, the Hills filed a notice of deposition duces tecum that: (i) sought to depose a State Farm corporate representative with knowledge of State Farm's "compliance" with section 627.70131(5)(a) of the Florida Statutes; and (ii) requested the production of State Farm's "protocol, policy and guidelines" for complying with section 627.70131(5)(a). State Farm then moved for a protective order to prevent the production of the requested documents, and to limit the deposition of its corporate representative insofar as State Farm's compliance with section 627.71031(5)(a) was concerned.[3] On July 23, 2020, the trial court entered an order denying State Farm's motion for a protective order, and State Farm now seeks certiorari review of that order.

In first-party disputes concerning coverage under a homeowners' insurance policy, this Court has consistently granted certiorari and quashed discovery orders that permitted insureds to obtain their insurers' claims handling policies, practices, procedures, manuals or guidelines. See State Farm Fla. Ins. Co. v. Desai, 106 So. 3d 5, 6 (Fla. 3d DCA 2013) (granting certiorari and quashing "a discovery order requiring State Farm to (1) produce claim manuals and/or guidelines relating to certain policy language and (2) provide a representative to testify as to the claims manual, guidelines, and insurance policy"); Gen. Star Indem. Co. v. Atl. Hosp. of

---

[3] State Farm does not dispute that the Hills are otherwise entitled to depose its corporate representative.

3

Fla., LLC, 93 So. 3d 501, 502 (Fla. 3d DCA 2012) (granting certiorari and quashing an order overruling the insurer's objections to discovery of materials concerning its business practices and policies); State Farm Fire & Cas. Co. v. Valido, 662 So. 2d 1012, 1013 (Fla. 3d DCA 1995) (granting certiorari and quashing an order requiring the production of "State Farm's claim files, manuals, guidelines and documents concerning its claim handling procedures"). The rationale underlying each of these cases is that such discovery, when sought in connection with a bad faith claim, is premature until there are determinations on liability and damages in the first-party dispute regarding insurance coverage. See Desai, 106 So. 3d at 6; Atl. Hosp. of Fla., LLC, 93 So. 3d at 503.

While the Hills note they have not pled a bad faith claim in this action, their requested discovery with respect to section 627.70131(5)(a) is nevertheless impermissible. See Gov't Employees Ins. Co. v. Rodriguez, 960 So. 2d 794, 795 (Fla. 3d DCA 2007) (granting certiorari and quashing an order directing the insurer "to produce documents relating to its claims handling practices, even though the underlying coverage case has not been resolved and no bad faith case is pending"). Under the facts and circumstances of this case, the trial court's July 23, 2020 order requiring discovery of State Farm's protocol, policy and guidelines for complying with section 627.70131(5)(a) constitutes "a departure from the essential

requirements of law causing irreparable harm for which there is no remedy on appeal." <u>Atl. Hosp. of Fla., LLC</u>, 93 So. 3d at 503.

Accordingly, we grant the petition, quash the July 23, 2020 order, and remand for further proceedings consistent with this opinion.

Petition granted; order quashed.