# Third District Court of Appeal
## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0982
Lower Tribunal No. 2023-27050-CA-01
_____

## Progressive Select Insurance Company,
Petitioner,

vs.

## Linnette Ampudia and Juan Carlos Moreno Daza,
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Charles Johnson, Judge.

Segundo Law Group, and Jennifer C. Worden (St. Petersburg), for petitioner.

The Powell Law Firm, P.A., and Brett C. Powell, for respondent Linnette Ampudia.

Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

GORDO, J.

Progressive Select Insurance Company ("Progressive") petitions this Court for a writ of certiorari quashing the trial court's April 30, 2024, order compelling discovery of its sales manuals. Progressive asserts such materials are privileged as trade secrets and irrelevant prior to a determination of coverage. We grant the petition and quash the order.

Linnette Ampudia ("Ampudia") filed the underlying suit against Progressive, asserting claims for: (1) declaratory relief; (2) uninsured motorist (UM) benefits; (3) fraud in the inducement; and (4) bad faith. The trial court abated the bad faith action. Prior to a determination as to coverage, the trial court entered a discovery order requiring Progressive to produce "the portions of sales manuals or script(s) in effect August 2020, that address what was to be discussed between a representative and a prospective insured regarding UM coverage." In seeking certiorari review, Progressive argues Florida law precludes such discovery until there has been a determination of coverage and the extent of damages owed under the insurance policy. Ampudia contends her fraud in the inducement claim requires that these materials be turned over in order for her to pursue the claim.

We start with the general proposition that "until the obligation to provide coverage and damages has been determined, a party is not entitled to

2

discovery related to the claims filed or to the insurer's business policies or practices regarding handling of claims." State Farm Mut. Auto. Ins. Co. v. Tranchese, 49 So. 3d 809, 810 (Fla. 4th DCA 2010). Such protected discovery includes internal manuals, guidelines and general business practices. See State Farm Mut. Auto. Ins. Co. v. Cook, 744 So. 2d 567, 568 (Fla. 2d DCA 1999) (citing State Farm Fire & Cas. Co. v. Valido, 662 So. 2d 1012, 1013 (Fla. 3d DCA 1995)). While Ampudia argues the sales manuals here are relevant to her claim for fraud in the inducement, a review of the claim itself suggests otherwise as the complaint exclusively contains allegations concerning Progressive's computer systems, and how such *systems* are fraudulently designed to prevent an insured from receiving UM coverage. Because the allegations do not concern Progressive's training of its employees or agents, the sales manuals are wholly irrelevant to Ampudia's claim for fraud in the inducement. As we find the discovery order under review compels the production of premature, irrelevant and protected materials, we grant the petition for writ of certiorari and quash the order. See Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 351 (Fla. 2012) (stating that before a court may grant certiorari relief, "the petitioner must establish the following three elements: '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the

3

remainder of the case (3) that cannot be corrected on postjudgment appeal'" (quoting Williams v. Oken, 62 So. 3d 1129, 1132-33 (Fla. 2011))); Richard Mulholland & Assocs. v. Polverari, 698 So. 2d 1269, 1270 (Fla. 2d DCA 1997) ("A protective order should be granted when the pleadings indicate that the documents requested are not related to any pending claim or defense and are not reasonably calculated to lead to the discovery of admissible evidence."); Granada Ins. Co. v. Ricks, 12 So. 3d 276, 277 (Fla. 3d DCA 2009) (stating that discovery directed at an insurer's manuals, guidelines, procedures and practices "concerns only potential issues of bad faith or other purported improprieties in defending the claim [and is] wholly impermissible unless and until it is determined that the policy indeed provides coverage"); Gen. Star Indem. Co. v. Atl. Hosp. of Fla., LLC, 93 So. 3d 501, 503 (Fla. 3d DCA 2012) (granting certiorari and quashing a discovery order because the order prematurely "compels the production of materials concerning the insurer's business policies and practices before there has been a determination of coverage and the extent of loss"); State Farm Fla. Ins. Co. v. Gallmon, 835 So. 2d 389, 390 (Fla. 2d DCA 2003) (granting certiorari and quashing an order that required an insurer to produce "sales brochures and marketing materials," "company policies and manuals," "training materials" and "computer manuals for operating internal software

4

and programs"); State Farm Fla. Ins. Co. v. Desai, 106 So. 3d 5, 6 (Fla. 3d DCA 2013) ("In seeking certiorari review of the discovery order, State Farm contends Florida law 'prohibits insureds from obtaining discovery into an insurer's claims files and claims handling materials until contract/coverage litigation has been concluded.' As State Farm's argument is well taken, we grant the petition for writ of certiorari and quash the discovery order under review." (quoting Gen. Star Indem. Co., 93 So. 3d at 503)).

Petition granted; order quashed.