943 So.2d 848 (2006)
XL SPECIALTY INSURANCE COMPANY, Appellant/cross-appellee,
v.
SKYSTREAM, INC., et al., Appellees/cross-appellants.
No. 3D05-78.
District Court of Appeal of Florida, Third District.
November 1, 2006.
Rehearing Denied January 5, 2007.
Ausley & McMullen, and Major B. Harding, and John R. Beranek, and Kenneth P. Abele, Tallahassee; Murray, Marin & Herman, and David P. Herman, Tampa, and Rollin M. Smith, Coral Gables, for appellant/cross-appellee.
Stephen N. Rosenthal, Aventura, for appellees, Skystream, Inc., Blackhawk International Airways Corporation, and Gilbert Chacon.
Wicker, Smith, O'Hara, McCoy, Graham & Ford, and Shelley H. Leinicke, Fort Lauderdale, for appellees/cross-appellants, Instinct Production LLC, Instinct AG LLC, Harold Williams, A Few Miles North Productions, Inc., Brent O. Coert, AG Multimedia, *849 Ltd., Omnicom Group, Inc., and Gulf Insurance Company.
Tew Cardenas, and William G. Burd, and John S. McPhee, and William T. McCauley, Miami, for appellee/cross-appellant, Virgin Records America, Inc.
Before COPE, C.J., and GERSTEN, and SUAREZ, JJ.
PER CURIAM.
XL Insurance Company ("XL"), appeals an adverse summary judgment on aircraft insurance coverage. Virgin Records ("Virgin"), and Omnicom Groups ("Omnicom"), cross-appeal the stay of their counterclaims for damages. We affirm on both the direct appeal and the cross-appeal.
The pertinent facts follow: XL issued an aircraft accident liability insurance policy for a Cessna aircraft to Skystream, Inc. ("Skystream"), Blackhawk International Airways Corporation ("Blackhawk"), and Gilbert Chacon, ("Chacon") (collectively "the named insureds"). Omnicom and Virgin arranged with the named insureds to use the Cessna to fly a music crew to the Bahamas to film a music video. The Cessna crashed killing all eight passengers aboard.
The deceased passengers' estates instituted wrongful death actions against Virgin, Omnicom and the named insureds (collectively "the defendants"). The defendants, in turn, referred their actions over to XL to defend or indemnify them against the estates' claims. XL agreed to defend the named insureds, but not to defend Virgin or Omnicom. Virgin and Omnicom subsequently settled their claims with the estates.
Meanwhile, XL sought declaratory relief to determine its obligations under the insurance policy against the defendants. Virgin and Omnicom filed counterclaims against XL for damages based on XL's failure to defend.
The parties then filed cross-summary judgment motions. The trial court granted summary judgment in favor of the defendants, finding that the XL policy provides coverage for all the defendants, and that XL also had a duty to defend Virgin and Omnicom. Over Omnicom and Virgin's objections, the trial court reserved jurisdiction to address the counterclaims for damages, pending this Court's resolution of the coverage issue.
XL appeals the trial court's summary judgment finding coverage. Virgin and Omnicom cross-appeal the trial court's stay of their damage counterclaims. We affirm.
The trial court properly granted summary judgment on the coverage issue. Blackhawk, Skystream and Chacon were clearly covered as they are the named insureds on the policy. Virgin and Omnicom were also covered under the insurance policy's omnibus insured provision. This provision provides coverage for "any person while using or riding in the aircraft and any person or organization legally responsible for its use."
Virgin and Omnicom entered into a contract with the named insureds to use the Cessna to fly the eight passengers to the Bahamas. A liability insurer's obligation, with respect to its duty to defend, is not determined by the insured's actual liability but rather by whether the alleged basis of the action against the insurer falls within the policy's coverage. See Logozzo v. Kent Ins. Co., 464 So.2d 605 (Fla. 3d DCA 1985). Because the estates' lawsuits alleged facts which potentially brought the suits within XL's policy coverage, XL had a duty to defend Virgin and Omnicom.
Additionally, XL had a duty to defend Virgin and Omnicom because they were *850 equitably subrogated to the rights of the passengers' estates by virtue of defending against their lawsuits. See Cleary Bros. Constr. Co. v. Upper Keys Marine Constr., Inc., 526 So.2d 116 (Fla. 3d DCA 1988)(subrogation rights place a party in the legal position of one who had been paid money because of the acts of a third party).
The trial court also correctly determined that the pilot warranty exclusion did not preclude coverage. Title 14 of the Code of Federal Regulations, section 205.6 (2005), clearly provides that "[n]o warranty or exclusion in the policy . . . shall remove the liability coverage required, except as specifically approved by the Department." 14 C.F.R. § 205.6 (2005). Here, as the Department never approved the pilot warranty exclusion, XL was precluded from raising this exclusion.
Since there are no genuine issues of material fact on the coverage issue, the defendants are entitled to a judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). Accordingly, we affirm the summary judgment.
On the cross-appeal, Virgin and Omnicom contend the trial court erred in staying the counterclaims. We disagree and affirm. See Fla. R.App. P. 9.110(m); Canal Ins. Co. v. Reed, 666 So.2d 888 (Fla. 1996).
Accordingly, we affirm the trial court's order granting summary judgment on the coverage issue and reserving jurisdiction to address the counterclaims for damages.
Affirmed.