988 So.2d 96 (2008)
XL SPECIALTY INSURANCE COMPANY, Petitioner,
v.
SKYSTREAM, INC., Blackhawk International Airways Corp., Gilbert Chacon, Virgin Records America, Inc., and Omnicom Groups, Respondents.
Nos. 3D07-3035, 3D07-2535.
District Court of Appeal of Florida, Third District.
July 16, 2008.
Rehearing Denied August 21, 2008.
*97 Murray, Marin & Herman, and David P. Herman, Tampa, and Michael G. Shannon, Coral Gables, for petitioner.
Wicker, Smith, O'Hara, McCoy & Ford, and Shelley H. Leinicke, Ft. Lauderdale; Atkinson & Brownell, and William G. Burd, Miami, for respondents.
Before COPE and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
COPE, J.
In its petition for writ of certiorari, XL Specialty Insurance Company maintains that the trial court prematurely allowed a bad faith claim to be asserted, even though there has not been a determination of damages under the insurance contract. We conclude that the petition is well-taken.
The facts of the case were set forth in an earlier opinion of this court:
XL issued an aircraft accident liability insurance policy for a Cessna aircraft to Skystream, Inc. ("Skystream"), Blackhawk International Airways Corporation ("Blackhawk"), and Gilbert Chacon, ("Chacon") (collectively "the named insureds"). Omnicom and Virgin arranged with the named insureds to use the Cessna to fly a music crew to the Bahamas to film a music video. The Cessna crashed killing all eight passengers aboard.
The deceased passengers' estates instituted wrongful death actions against Virgin, Omnicom[1] and the named insureds (collectively "the defendants"). The defendants, in turn, referred their actions over to XL to defend or indemnify them against the estates' claims. XL agreed to defend the named insureds, but not to defend Virgin or Omnicom. Virgin and Omnicom subsequently settled their claims with the estates.
Meanwhile, XL sought declaratory relief to determine its obligations under the insurance policy against the defendants. Virgin and Omnicom filed counterclaims against XL for damages based on XL's failure to defend.
The parties then filed cross-summary judgment motions. The trial court granted summary judgment in favor of the defendants, finding that the XL policy provides coverage for all the defendants, and that XL also had a duty to defend Virgin and Omnicom. Over Omnicom and Virgin's objections, the trial court reserved jurisdiction to address the counterclaims for damages, pending this Court's resolution of the coverage issue.
XL Specialty Ins. Co. v. Skystream, Inc., 943 So.2d 848, 849 (Fla. 3d DCA 2006).
XL appealed. See Fla. R.App. P. 9.110(m). This Court affirmed the summary judgment finding coverage to exist.
Thereafter the matter returned to the trial court. The counterclaims of Virgin and Omnicom have not been adjudicated, and no judgment for damages has been entered.
*98 Virgin and Omnicom moved for leave to amend to add a bad faith claim against XL. XL moved to dismiss those claims as being premature. Those motions were denied. Virgin also propounded discovery on the bad faith claim, which was adopted by Omnicom. XL's motion for protective order was denied.
XL filed the petitions for writ of certiorari now before us, and the petitions have been consolidated.
XL argues, and we agree, that the bad faith claim and bad faith discovery are premature. In Imhof v. Nationwide Mutual Insurance Co., 643 So.2d 617, 619 (Fla.1994), receded from in part on other grounds, State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 63 (Fla.1995), the court stated "that a complaint for a bad-faith claim requires an allegation that there has been a determination of damages." See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla. 1991). It is undisputed that the counterclaims remain pending below. There has been no determination of damages on the counterclaims.
Virgin and Omnicom argue that there has been a determination of damages because the amounts that Virgin and Omnicom paid in settlement to the passengers' estates are known amounts. That is not the "determination of damages" the Court was referring to. The damage counterclaims of Virgin and Omnicom request reimbursement of attorneys' fees expended in defense of the wrongful death cases, plus reimbursement for settlement amounts. As the counterclaims have not gone to judgment, there has been no determination of damages within the meaning of Imhof and Blanchard.
Virgin and Omnicom argue that Imhof and Blanchard are not controlling here. They point out that both of those decisions involved claims of first-party bad faith. They contend that Imhof and Blanchard are inapplicable where, as here, there is a claim of third-party bad faith. That argument is without merit. Blanchard applies to a third-party bad faith claim. Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 180-81 (Fla.1994); see Gov't Employees Ins. Co. v. Rodriguez, 960 So.2d 794 (Fla. 3d DCA 2007); Gen. Star Indem. Co. v. Anheuser-Busch Cos., 741 So.2d 1259, 1260-61 (Fla. 5th DCA 1999).
Under the logic of Imhof and Blanchard, it is prejudicial to allow the injection of issues of bad faith into a coverage case, and to allow expanded bad faith discovery, before the underlying claim for damages under the insurance policy has been determined. For that reason, Imhof and Blanchard bar the assertion of a bad faith claim until such time as liability and damages under the insurance policy have been determined. The logic of the rule is equally applicable to claims of first-party and third-party bad faith. Because of the prejudice entailed, certiorari is available to challenge a premature bad faith claim or premature bad faith discovery. Gen. Star, 741 So.2d at 1261; see Gov't Employees Ins. Co. v. Rodriguez, 960 So.2d at 795-96; Old Republic Nat'l Title Ins. Co. v. HomeAmerican Credit, Inc., 844 So.2d 818, 819-20 (Fla. 5th DCA 2003).
Virgin argues that an exception exists under Imhof, where a litigant is asserting a statutory bad faith claim. In Imhof, the plaintiff alleged that he filed a statutory notice of violation against the insurer, and the insurer never responded. 643 So.2d at 617-18. Under Imhof, "[a]n insurer's failure to respond within the sixty-day period will create a presumption of bad faith sufficient to shift the burden to the insurer to show why it did not respond." Id. at 619. Virgin reads Imhof as allowing a statutory bad faith claim to be filed as soon as the sixty-day period expires, even if the issues of liability and damages under the insurance policy have not been decided.
*99 We do not agree with Virgin's reading of Imhof. In that case, Imhof filed a complaint alleging bad faith on the part of his insurer, Nationwide. The Florida Supreme Court ruled that the trial court had correctly dismissed the complaint for failure to state a cause of action because there was no allegation by Imhof that a determination of his damages had been made. Id. The Court in no way receded from the rule that the filing of a bad faith action cannot occur until there has been a determination of damages.[2]
For the stated reasons, we quash the orders denying the motions to dismiss the bad faith claims and quash the order denying the motion for protective order.
Certiorari granted.
SUAREZ, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
Because the existence of coverage has been established by our previous opinion and the amount of potential damage has been liquidated by the excess carrier's payment of the settlement, I believe, under the very decisions relied on by the majority, that this case is ripe for discovery as to the existence of bad faith liability. Hence, I would deny the petition.[3]
NOTES
[1] The Omnicom respondents include Instinct Productions LLC; Instinct AG, LLC; AG Multimedia Ltd., d/b/a Arnell Group; Harold Williams a/k/a Hype Williams; Omnicom Group; and A Few Miles North Productions (collectively, "Omnicom").
[2] Justice Grimes' concurrence explained that Imhof had, in fact, obtained a favorable arbitration award. Id. at 619-20. It was therefore clear that Imhof would be able to file an amended complaint alleging that his damages had been determined. Id. at 620. The majority opinion granted leave to Imhof to amend, and explained that if Nationwide had not responded within sixty days to the statutory notice, then Imhof would have the benefit of a presumption that Nationwide had acted in bad faith. Id. at 619.
[3] At least, in the interest of judicial economy, we should permit discovery on the narrow, non-sensitive and non-privileged issue of whether the case could reasonably have been settled within the primary carrier's policy limits, had they been offered. If it could or would not, no bad faith case could be maintained and the action would effectively be over at an early and inexpensive stage.