SUAREZ, J.
North Pointe Insurance Company (“North Pointe”) petitions for a writ of certiorari to quash a non-final order denying a motion to dismiss or abate a bad faith claim arising out of a dispute over homeowners’ insurance coverage. We have jurisdiction. See Art. V, § 4(b), Fla. Const.; XL Specialty Ins. Co. v. Skystream, Inc., 988 So.2d 96 (Fla. 3d DCA 2008), review dismissed, 994 So.2d 1104 (Fla.2008). We grant the petition and issue the writ.
The action below arises from a homeowners’ (“the Tomases”) first party insurance claim for replacement of marble tile flooring damaged as a result of accidentally dropping a cooking pan. Pursuant to the insurance policy, the claim was submitted to appraisal for determination of the amount of the loss. On February 14, 2008, there was an appraisal award of $115,899.52 for the repair and replacement of the marble floor. Approximately two months later, the Tomases filed a second amended complaint for breach of the insurance contract, breach of the covenant of good faith and fair dealing and for damages for bad faith in violation of sections 624.155 and 626.9541, Florida Statutes (2008).[1] North Pointe filed an amended motion to dismiss the second amended *729 complaint seeking to dismiss or abate the bad faith cause of action.[2] The trial court denied the motion and North Pointe filed the instant petition for writ of certiorari seeking to quash the order of the trial court denying the motion to dismiss.
We grant the petition for writ of certio-rari and quash the order below on grounds that the action for breach of contract, which remains pending below for a determination of damages relating to the allegations of North Pointe’s breach of the insurance contract, renders premature the cause of action for bad faith. The trial court departed from the essential requirements of law when it failed to dismiss or abate the bad faith action. Imhof v. Nationwide Mut. Ins. Co., 643 So.2d 617, 619 (Fla.1994) (holding that a complaint for bad faith requires an allegation that there has been a determination of damages), receded from on other grounds, State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55 (Fla.1995); Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289 (Fla.1991) (holding that a cause of action for bad faith for failure to settle is premature until there is a determination of liability or the extent of damages); cf. XL Specialty Ins. Co., 988 So.2d at 98 (holding that the trial court properly dismissed as premature a bad faith claim for failure to state a cause of action where no allegation that determination of damages under the insurance contract had been made).
Since the record does not reflect and the Tomases have not alleged that damages under the insurance contract have been ascertained for the alleged breach, the trial court departed from the essential requirements of law by not dismissing or abating the bad faith action as premature. Therefore, we grant the petition for writ of certiorari, quash the trial court’s order and remand for abatement of the bad faith claim pending disposition of the breach of contract action.
Petition for writ of certiorari granted; remanded with directions.

. The count for breach of the covenant of good faith and fair dealings was dropped.

. North Pointe claimed it had effectively cured all violations alleged in the civil remedy notices filed under section 624.155 by paying the appraisal award within sixty days and therefore the complaint failed to state a cause of action.