GRIFFIN, J.
Illinois National Insurance Company [“INIC”] seeks certiorari review of a post-judgment order of the trial court lifting the abatement of the bad faith claim of Respondent, Patricia Bolen [“Bolen”], while the insurer’s appeal of the excess judgment is pending. We agree the lifting of the abatement was premature and reverse.
Bolen was involved in a motor vehicle accident on May 28, 2005, in Santa Rosa County, Florida, when the vehicle she was driving was struck by another vehicle while traveling westbound on I — 10. At the time of the accident, Bolen was insured under an automobile insurance policy with INIC, which carried uninsured motorist [“UM”] limits of $25,000. Bolen filed her initial complaint against INIC on April 10, 2007, alleging a claim for UM benefits (Count I) and a claim for bad faith (Count II) for INIC’s alleged breach of its fiduciary duty in the handling of her UM claim.
INIC filed a motion to dismiss Count II of Bolen’s complaint on the ground that the bad faith claim against INIC had not accrued because there had not been a final determination of liability and damages against the tortfeasors. On October 24, 2007, the trial court entered an order that abated Count II of the complaint until there had been a final determination of liability and damages against INIC on Bo-len’s UM claim.
Count I proceeded to trial, and a verdict in the amount of $870,366.90 was rendered on December 2, 2009. A partial final judgment on Count I was entered by the lower court on June 21, 2010. INIC filed a timely appeal of the partial final judgment on July 19, 2010, and it is currently pending before this Court.
After the verdict was rendered, Bolen filed her motion to dissolve the abatement of Count II, contending that her bad faith claim was now ripe for prosecution. INIC filed its response to Bolen’s motion to dissolve abatement and argued that, because the appeal was pending, there had been no final determination of liability and damages on the UM claim; therefore, lifting the abatement would be premature.
We agree that the bad faith claim may not proceed until the UM carrier’s appeal *390 has been finally determined.[1] The same concerns that impel abatement of the bad faith claim in the first instance remain until the insurer’s claims of error resulting in an excess verdict are resolved against them on appeal.
The First District explained in XL Specialty Ins. Co. v. Aircraft Holdings, LLC, 929 So.2d 578 (Fla. 1st DCA 2006), that:
[TJhere should be no discovery until the underlying breach of contract action has been resolved. The trial court’s ruling on the breach of contract claim is pending on appeal, therefore is not finally resolved. [Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121 (Fla.2005)], does not require production of attorney-client documents relating to the breach of contract action while it continues to be litigated. 899 So.2d at 1130 (stating “litigants who choose to file both actions [breach of contract and bad faith] simultaneously must recognize that certain documentation relevant to the bad faith action may not be available for discovery until after resolution of the underlying matter”). [Plaintiff] cites no other authority for making those disclosures until the contract action is over, including any appeals. Therefore, the trial court erred by requiring production....
Id. at 587 n. 7.
Petition for Writ of Certiorari GRANTED; Order VACATED.
TORPY and EVANDER, JJ., concur.

. We are not persuaded by Bolen's argument that there can be no irreparable harm because the order merely lifted the abatement, but did not yet require the insurer to do anything.