ON REHEARING EN BANC

SALTER, J.
On consideration of the petitioner’s motions for rehearing and rehearing en banc, the Court grants the motions, withdraws its opinion issued October 14, 2009, and substitutes the following opinion.
State Farm Florida Insurance Company seeks a writ of certiorari quashing circuit court orders that allowed Seville Place Condominium Association, Inc., to amend its complaint to add statutory[1] and common law bad faith claims and a punitive damage claim before the entry of a final judgment on the policy-phase issues.[2] We deny the writ — no irreparable injury has yet occurred — and issue this opinion to clarify the requirements for the exercise of our certiorari jurisdiction in such cases.

The Hurricane, the Policy, and the Claim

Seville Place is a residential condominium consisting of forty-five duplexes (for a total of ninety condominium units) in Miami Lakes, Florida. On October 24, 2005, Hurricane Wilma caused substantial windstorm damage at Seville Place, particularly to the forty-five roofs over the units.
The Association had obtained and paid for a State Farm condominium association insurance policy that was in force at the time of the storm. The policy specifically covered direct physical loss or damage to property caused by a hurricane, subject to certain deductibles and various exclusions. In the event of a dispute between the insurer and insured regarding the loss amount, the policy specified that the dispute would be resolved by appraisal:
If we [State Farm] and you [the Association] disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser’s identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.... If we submit to an appraisal, we will still retain our right to deny the claim.
The Association made a claim under the policy for its hurricane-related loss. In January 2006, State Farm made two payments on the claim to the Association in the total amount of $90,564.62, apparently based on a calculation that the roofs could be repaired rather than replaced.[3] The *107 Association’s estimate exceeded $4.6 million, based on an assessment that the roofs would have to be replaced. In October 2006, the Association made a written demand for appraisal under the policy.

The Appraisal and Award

State Farm and the Association did not reach agreement regarding the Association’s right to invoke appraisal and any conditions applicable to that process. In February 2007, the Association commenced a circuit court action against State Farm for breach of the insurance contract and for declaratory relief regarding coverage and State Farm’s waiver of policy defenses. State Farm filed its own motion to enforce the appraisal provision, asserting that it had “at all times agreed to and does further hereby agree to proceed with appraisal,” but also seeking certain conditions.
The circuit court then ordered the parties to appraisal (without the conditions sought by State Farm) and ultimately appointed a neutral umpire to conduct the appraisal with each party’s designated appraiser. The trial court allowed sixty days for the completion of the appraisal process and directed the appraisers to “informally produce” the basis for the amount of the loss.
After further proceedings, the trial court set a final appraisal hearing for June 28, 2008. The day before that hearing, however, State Farm filed an emergency motion and affidavit seeking removal of the neutral umpire previously appointed by the court. State Farm later supplemented this motion with a request for an “entirely new panel to conduct a new appraisal,” asserting that otherwise it would “require many weeks, months, and possibly even years to sort through the multiple issues related only to this highly problematic and invalid appraisal gone wrong.”
The Association’s appraiser and the umpire ultimately signed a “final appraisal award” fixing the insured loss at $2,960,405 after hearing or seeing all evidence provided by State Farm and the Association. The award made it clear that it excluded any interest, costs, and attorney’s fees that might be determined by the court, and that it should be reduced by amounts previously paid by State Farm and any applicable deductible.

Confirmation of the Appraisal; Amendment

Before the appraisal began, State Farm acknowledged that the policy was in effect and that some part of the Association’s claim was covered by making the January 2006 payments. In the lawsuit, State Farm asserted thirteen amended affirmative defenses. These included allegations that the Association had failed to comply with post-loss conditions imposed by the insurance policy, and that certain items claimed by the Association were excluded from coverage: condominium unit owner personal property; wall and floor coverings, drapes, lighting units, and other items within the interior of the units; water damage following the hurricane; wear and tear to covered property, including rust and damage due to water seepage over a period of time; and any loss occurring as a result of faulty design or maintenance. Following the filing of the final appraisal award, the trial court confirmed the award, denied State Farm’s emergency motion for removal of the neutral umpire, and granted the Association’s motions to amend the complaint to add the statutory bad faith claim, a common law “breach of implied covenant of good faith” claim, and a demand for punitive damages. The *108 court also determined that State Farm’s affirmative defenses had been subsumed in the confirmation order “and/or such defenses were waived by State Farm.” The trial court did not enter a final judgment fixing a total amount of principal and any prejudgment interest in a form ready for execution (or ripe for appeal). State Farm’s petition for certiorari followed.

Applicable Florida Law

It is well settled that a statutory first-party bad faith action is premature until two conditions have been satisfied: (1) the insurer raises no defense which would defeat coverage (an issue for the judicial process rather than the appraisal process), or any such defense has been adjudicated adversely to the insurer; and, (2) the actual extent of the insured’s loss must have been determined. Vest v. Travelers Ins. Co., 753 So.2d 1270, 1275-76 (Fla.2000); State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55 (Fla.1995). The original panel opinion and dissent in this case applied these principles to a case in which extent of loss was determined by appraisal rather than a judicial process, and in which no final, appealable judgment had been rendered.
Upon rehearing en banc, however, we have concluded that we should not exercise certiorari jurisdiction to resolve those interesting and important questions of law at this procedural point in the case below. “For an appellate court to review a nonfinal order by petition for certiorari, the petitioner must demonstrate that the trial court departed from the essential requirements of law, thereby causing irrepa-rabie injury which cannot be adequately remedied on appeal following final judgment.” Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000).
State Farm’s petition is directed to an order allowing amendments to a complaint and an order denying reconsideration of that order. On the record before us, no discovery pertaining to the bad faith claims or the punitive damages claim has yet been sought or compelled, and State Farm has not yet responded to the second amended complaint.[4] No irreparable injury has yet occurred, and none is certain to follow. We must therefore deny the present petition. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 650 (Fla. 2d DCA 1995).[5]
To the extent that we previously have granted such a petition when irreparable harm seems possible rather than imminent, we recede from such decisions. For example, in North Pointe Insurance Co. v. Tomas, 999 So.2d 728, 728-29 (Fla. 3d DCA 2008), we granted an insurer’s petition and quashed “a non-final order denying a motion to dismiss or abate a bad faith claim arising out of a dispute over homeowners’ insurance coverage,” remanding for “abatement of the bad faith claim pending disposition of the breach of contract action.” While the bad faith claim in the trial court may have been premature in that case, the irreparable harm requirement had not yet been satisfied.
Similarly, we recede from the broad holding that “certiorari is available to challenge a premature bad faith claim or premature bad faith discovery.” XL Special *109 ty Ins. Co. v. Skystream, Inc., 988 So.2d 96, 98 (Fla. 3d DCA 2008). Premature bad faith discovery and an order granting a motion to compel production of an insurer’s claims file (or denying a motion for a protective order directed to such documents) may demonstrate an irreparable harm, but an order merely permitting amendment to add an allegedly-premature bad faith claim does not. For the same reason, a trial court order denying a motion to dismiss an allegedly-premature bad faith claim would not, without more, satisfy the “irreparable harm” requirement for certiorari; that form of alleged injury can be remedied on direct appeal. See State Farm Mut. Auto. Ins. Co. v. O’Hearn, 975 So.2d 633, 636 (Fla. 2d DCA 2008).

Conclusion

In this case, State Farm’s petition did not establish irreparable, material harm, a threshold requirement for the issuance of a writ of certiorari. Riano v. Heritage Corp. of So. Fla., 665 So.2d 1142, 1145 (Fla. 3d DCA 1996).
Petition denied; stay order entered November 5, 2008, vacated.
RAMIREZ, CORTINAS, ROTHENBERG and LAGOA, JJ., concur.

. § 624.155, Fla. Slat. (2008).

. The trial court entered an order confirming the appraisal award, determining that the Association "is entitled to judgment thereon," and holding that State Farm’s affirmative defenses were not meritorious "and/or such defenses were waived by State Farm.” That order did not, however, assure that no further policy-phase damages would be sought by the insured, provide for execution, or constitute a final, appealable judgment.

.The gross amount of loss computed by State Farm was $324,017. The lesser amount paid *107 reflected a deduction for depreciation and for the applicable deductible.

. Shortly after the petition was filed, we stayed proceedings in the lower court case pending further order here. We now vacate that stay.

. In Parkway, the petition was "dismissed” (for failure to invoke the court’s certiorari jurisdiction). Because we have jurisdiction under Article V, Section 4(b)(3) of the Florida Constitution, we will instead "deny” the petition for failure to establish the prerequisites for a consideration of its merits.